**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **SHAWNTELL WRIGHT, et al.,** **Plaintiffs,** | : | **CIVIL ACTION** |
| **v.** | : | **No.: 26-cv-4896** |
| **JOSE A. PERALTA RODRIGUEZ, et al.,** **Defendants.** | : | |

**MEMORANDUM**

**LYNNE A. SITARSKI**
**UNITED STATES MAGISTRATE JUDGE** **September 28, 2026**

Presently before the Court is Defendants' Motion to Transfer Venue (Mot. to Transfer Venue, ECF No. 17), Plaintiff's Brief in Opposition (Opp., ECF No. 18), and Defendants' Reply in Further Support (Reply, ECF No. 19). For the following reasons, Defendants' motion is **GRANTED.**

## I. FACTUAL AND PROCEDURAL BACKGROUND

On November 17, 2025, Defendant Jose A. Peralta Rodriguez, operating a tractor trailer in the course and scope of his employment with Defendant Adrian Transport LLC (Adrian), rear-ended Plaintiffs' vehicle. (Compl., ECF No. 1-1, at ¶¶ 16-18). The collision occurred and Plaintiffs reside in East Stroudsburg, Monroe County, in the Middle District of Pennsylvania. (*Id.* at ¶¶ 1-2; 16). Defendant Rodriguez resides and Defendant Adrian's principal place of business is in New Jersey. (*Id.* at ¶ 4). Defendant Adrian does not conduct business in Philadelphia nor has Defendant Rodriguez ever driven to or through Philadelphia while working for Defendant Adrian. (Mot. to Transfer Venue, ECF No. 17, at ¶ 4).

Plaintiffs filed this suit in the Philadelphia Court of Common Pleas on April 7, 2026, and Defendants removed it to this Court on July 14, 2026. (Notice of Removal, ECF No. 1). On August 7, 2026, Defendants moved to transfer the case to the Middle District of Pennsylvania. (Mot. to Transfer Venue, ECF No. 17). On August 21, 2026, Plaintiffs filed a brief opposing this request, (Opp., ECF No. 18), and Defendants responded four days later. (Reply, ECF No. 19).

## II. LEGAL STANDARD

Transfer of venue is permitted under 28 U.S.C. § 1404(a) "[f]or the convenience of parties and witnesses, in the interest of justice, . . . to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). Under this section, "[a]n action might have been brought in a district if: (1) venue is proper in the transferee district; and (2) the transferee district can exercise jurisdiction over all defendants." *McKinney v. Pinter*, No. 18-4185, 2019 WL 952247, at *5 (E.D. Pa. Feb. 26, 2019) (citing *Shutte v. Armco Steel Corp.*, 431 F.2d 22, 24 (3d Cir. 1970)).

Although "there is no definitive formula or list of the factors to consider, . . . courts have considered many variants of the private and public interests protected by the language of § 1404(a)." *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879 (3d Cir. 1995). In considering these interests, the moving party holds the burden of justifying the transfer, and the plaintiff's choice of venue is afforded "great weight." *Provident Mut. Life Ins. Co. of Phila. v. Bickerstaff*, 818 F. Supp. 116, 119 (E.D. Pa. 1993). Nonetheless, "there are two scenarios where the plaintiff's choice may be accorded less deference: where no operative facts occurred in the district, and where the chosen forum is not the plaintiff's residence." *Pa. Nat'l Mut. Cas. Ins.*

*Co.*, 2024 WL 3696474, at *3 (quoting *Duffy v. Camelback Ski Corp.*, No. 92-0589, at *1 (E.D. Pa. Jun. 23, 1992) (internal quotation marks omitted)).

In *Jumara*, the Third Circuit outlined the private and public interests often considered in determining a transfer of venue. 55 F.3d at 879–80. Private interests include: (1) the plaintiff's choice; (2) the defendant's preference; (3) the location where the claim arose; (4) the physical and financial convenience to the parties; (5) the availability of witnesses; and (6) the availability of records. *Id.* at 879. The public interests include: (1) enforceability of the judgment; (2) practical considerations for trial, such as ease, expeditiousness and expense; (3) court congestion and administrability; (4) the interest in deciding local controversies in the home district; (5) the public policy of the fora; and (6) the respective trial judges' relative familiarity with applicable state law (for diversity cases). *Id.* at 879–80.

## III. DISCUSSION

Pursuant to cases construing § 1404, this Court "assess[es] whether the action could have originally been brought in the [proposed district] and whether the interests of justice would be better served by transfer." *Roudabush v. Rondo, Inc.*, No. 14-6523, 2015 WL 12844273, at *5 (E.D. Pa. Feb. 4, 2015). Because the Court answers both questions in the affirmative, it will transfer the case to the Middle District of Pennsylvania.

### A. The Action Could Have Been Brought in the Middle District of Pennsylvania

As noted, a court considering a motion to transfer must consider whether the case could have been brought in the transferee court, i.e., if it could exercise jurisdiction over the parties and venue is proper there. *McKinney*, 2019 WL 952247, at *5. Here, the Middle District of Pennsylvania would have subject matter jurisdiction over the case in the same manner as this

court. Diversity jurisdiction under 28 U.S.C. § 1332(a) requires only a controversy exceeding $75,000 between citizens of different states. Plaintiffs are residents of Pennsylvania, Defendants are residents of New Jersey, and the alleged damages exceed $75,000. (Notice of Removal, ECF No. 1 at ¶¶ 4-5).

Further, that court would have personal jurisdiction over the parties. Plaintiffs are both residents of Pennsylvania. (Notice of Removal, ECF No. 1 at ¶¶ 4). As for Defendants, the accident occurred in Pennsylvania, on Pennsylvania roads. *See Burnham v. Super. Ct. of Cal., Cnty. of Marin*, 495 U.S. 604 (1990) (noting personal jurisdiction when defendants enjoy the benefits of the state, including the roads).

Venue would also be proper in the Middle District of Pennsylvania. Pursuant to 28 U.S.C. § 1391(a)(2) and (b)(2), "proper venue for a civil action" includes, *inter alia*, any "judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ." 28 U.S.C. § 1391(a)(2), (b)(2). This dispute arises from an accident in that district, making it an appropriate forum. *See Woodward v. Gen. Motors, LLC*, No. 2:25-CV-00605-JDW, 2025 WL 1616795 (E.D. Pa. June 6, 2025) (the Middle District of Pennsylvania is an appropriate forum for an automobile accident that occurred in the Middle District and had no connection to the Eastern District). Because subject matter and personal jurisdiction exist and venue is proper in the Middle District of Pennsylvania, Plaintiffs could have filed there originally. *McKinney*, 2019 WL 952247, at *5.

**B. Interests of Justice**

**1. Private Interests**

The Court first considers Plaintiffs' choice of forum. Plaintiffs reside in the Middle District but purportedly prefer this one because they are nonetheless "quite close" to it. (Opp.,

ECF No. 18 at 4). Although a plaintiff's choice of forum "typically receives 'paramount consideration,'" the weight accorded to that decision is accorded less weight where, as here, "the chosen forum is not the plaintiff's residence." *Pa. Nat'l Mut. Cas. Ins. Co.*, 2024 WL 3696474, at *3 (quoting *McAssey v. Disco. Mach. Inc.*, No. 16-0882, 2016 WL 1569689, at *2 (E.D. Pa. Apr. 18, 2016); *Duffy*, 1992 WL 151802, at *1) (internal quotations omitted) (giving less deference even to, as here, a non-resident plaintiff's choice of a neighboring forum in the same state). Further, this case relates to an East Stroudsburg automobile accident, and thus "the operative facts" occurred in the Middle District. *See id.* (considering under this first factor where the facts giving rise to the dispute occurred). In light of these considerations, this factor weighs in favor of transfer, despite Plaintiffs' stated preference.

The Court next considers Defendants' preference to litigate in the Middle District of Pennsylvania. Normally, a defendant's choice of forum "is entitled to considerably less weight than Plaintiff's, as the purpose of a venue transfer is not to shift inconvenience from one party to another." *EVCO Tech. & Dev. Co., LLC v. Precision Shooting Equip., Inc.*, 379 F. Supp. 2d 728, 730 (E.D. Pa. 2005). Defendants, a New Jersey-based company and individual, will likely find it similarly inconvenient to litigate in either forum. On the other hand, Plaintiffs will hardly be inconvenienced by litigating in their home district instead of a neighboring district. Because Defendants do not seek to shift the burden of litigating in an inconvenient venue from themselves to Plaintiffs, their choice of forum counsels in favor of transfer.

Next, the Court considers where the claim arose. Plaintiffs assert the location of the accident is of minimal importance and alone is not enough to transfer the case. (Opp., ECF No. 18 at 11). In support of this contention, Plaintiffs cite *Sell v. Greyhound Corp.*, 228 F. Supp. 134 (E.D. Pa. 1964), a non-binding case which predates *Jumara* by 30 years, in which the court

denied a motion to transfer an action brought in this district to the Middle District of Pennsylvania although the accident occurred there. However, after the Third Circuit's decision in *Jumara*, the Court should consider as a private interest factor where the claim arose. *Jumara*, 55 F.3d at 879; *Woodward*, 2025 WL 1616795, at *2. Here, the alleged negligence and harm occurred in East Stroudsburg, located in the Middle District. Conversely, no connection exists between where the accident occurred and the Eastern District. As a result, this factor also favors transfer.

Fourth, the Court considers "the convenience of the parties as indicated by their relative physical and financial condition." *Pa. Nat'l Mut. Cas. Ins. Co.*, 2024 WL 3696474, at *4. Plaintiffs argue the convenience of the parties does not favor transfer and provide the Court with maps to represent the distance between the parties and the Scranton Courthouse in the Middle District and the Philadelphia and Allentown Courthouses in the Eastern District. (Opp., ECF No. 18 at 5-9). But even these maps show that Plaintiffs would need to travel the shortest distance (42 miles) if venue is transferred to their home district, as opposed to more than double that amount (108 miles) if venue were to remain with this Court (and 47 miles if the case were venued in Allentown). (Opp., ECF No. 18 at 5). Instead, their argument pursuant to this factor stems from a purported concern for *Defendants*' having to travel a slightly longer distance (up to an extra 32 miles) if venue were to remain here. (*Id.* at 6-8). However, Plaintiffs would still have to travel more miles to litigate this matter if I were to deny Defendants' motion than Defendants would if I were to grant it. Moreover, Defendants have demonstrated by Defendant Rodriguez driving in the scope of his employment with Defendant Adrian at the time of the accident in the Middle District of Pennsylvania that any inconvenience in them traveling there is

surmountable. Thus, this factor, too, weighs in favor of transfer.[1]

Next, the Court considers "the convenience of the witnesses – but only to the extent that the witnesses may actually be unavailable for trial in one of the fora; and the location of books and records (similarly limited to the extent that the files could not be produced in the alternative forum)." *Jumara*, 55 F.3d at 879 (citation omitted). No indication exists in this case that any witnesses would be available in the Eastern District of Pennsylvania but not the Middle District of Pennsylvania, or vice versa. Defendants believe nonparty witnesses, such as responding law enforcement, emergency medical personnel, and treating providers, are located in or near Monroe County, (Mot. to Transfer Venue, ECF No. 17 at 10), but Plaintiffs aver that there were no first responders or emergency medical personnel involved. (Opp., ECF No. 18 at 10). As for Plaintiffs' treating medical providers, they are in both the Eastern and Middle Districts. *Id.* at 9. Further, there is no showing that any files would be available in one district but not the other. Both factors are therefore neutral.

Nonetheless, the private interests in this case clearly favor transfer of venue to the Middle District of Pennsylvania. The Court now turns to the public interests.

**2. Public Interests**

The public interests in enforceability of judgment, the two districts' relative knowledge of the applicable law, and the fora's public policies are neutral as to transfer. A judgment issuing from either district court will be equally enforceable, and the two districts' relative knowledge of the applicable law is the same as both venues are in Pennsylvania. Moreover, the

[1] The current record does not indicate anything about the parties' respective financial positions, and therefore the Court does not consider this component of the factor.

respective congestion of the dockets in the two districts is similar. *Pennigar v. Craig*, No. CV 26-1556, 2026 WL 1245722, at *3 (E.D. Pa. May 6, 2026) (recognizing no concern for administrative difficulties caused by court congestion). In addition, the fora's public policies are neutral as to transfer because both districts are in Pennsylvania. *Woodward*, 2025 WL 1616795, at *3.

Nevertheless, the local interest in the case suggests that it should be transferred to the Middle District of Pennsylvania. The operative facts occurred there; thus, the Middle District has an interest in adjudicating the matter. *Id.* (citing *Martin v. McHugh*, No. CIV.A. 14-3729, 2014 WL 5801412 (E.D. Pa. Nov. 7, 2014)). Further, this district lacks a substantial local interest in resolving this dispute between out-of-district parties about an out-of-district accident. This factor favors transfer.

Overall, the public interests also favor transfer of venue. Therefore, the Court grants Defendant's motion to transfer this case to the Middle District of Pennsylvania.

## IV. CONCLUSION

For the foregoing reasons, Defendants' motion is **GRANTED**. An appropriate Order follows.

BY THE COURT:

/s/ Lynne A. Sitarski
LYNNE A. SITARSKI
United States Magistrate Judge